1  LYSSA S. ANDERSON
   Nevada Bar No. 5781
2  RYAN DANIELS
   Nevada Bar No. 13094
3  KAEMPFER CROWELL
   8345 West Sunset Road, Suite 250
4  Las Vegas, Nevada  89113
   Telephone:   (702) 792-7000
5  Fax:            (702) 796-7181
   landerson@kcnvlaw.com
6  rdaniels@kcnvlaw.com

7  Attorneys for Defendants

8                    UNITED STATES DISTRICT COURT

9                          DISTRICT OF NEVADA

10

11 DONALD R. HINTON, SR., an individual;       Case No.: 2:14-cv-00842-RFB-GWF
   DAVID HINTON, an individual,

12            Plaintiffs,
   vs.                                         **STIPULATION AND ORDER FOR**
13                                             **PROTECTIVE ORDER REGARDING**
   LAS VEGAS METROPOLITAN POLICE               **CONFIDENTIALITY**
14 DEPARTMENT, an independent legal agency
   of Clark County and the City of Las Vegas;
15 DOUGLAS C. GILLESPIE, in his official
   capacity as the Sheriff for Clark County; LAS
16 VEGAS METROPOLITAN POLICE
   DEPARTMENT OFICER LUIS E. TURCAZ
17 (#5467), in his official and personal capacity;
   LAS VEGAS METROPOLITAN POLICE
18 DEPARTMENT OFFICER M. (#8572), in
   his/her official and personal capacity; LAS
19 VEGAS METROPOLITAN POLICE
   DEPARTMENT OFFICER LISA M. POPE
20 (#4000), in her official and personal capacity;
   LAS VEGAS METROPOLITAN POLICE
21 DEPARTMENT OFFICER JON S. DAVID
   (#7594), in his official and personal capacity;
22 LAS VEGAS METROPOLITAN POLICE
   DEPARTMENT OFFICER RODNEY E.
23 MITCHELL (#6533), in his official and
   personal capacity; LAS VEGAS
24 METROPOLITAN POLICE DEPARTMENT
   OFFICER EDDIE CARROLL (#4050) in

1  his/her official and personal capacity; and
   DOES 1 through 30,

2

3                     Defendants.

4           Discovery in this action will possibly require various Officers/Employees of Las Vegas

5  Metropolitan Police Department ("LVMPD"), specifically at this time, Officer Luis E. Turcaz,

6  Employee Lisa Pope, Officer Jon S. David, Officer Rodney E. Mitchell, Officer Eddie Carroll

7  and Officer Phillip Mortimer (hereinafter, collectively, "LVMPD Officers") to provide the

8  parties to this lawsuit with information and documents that contain information that is

9  confidential, proprietary and sensitive as discussed in Segura v. Reno, 116 F.R.D. 42 (D.Nev.

10 1987), and further may be subject to privilege.

11          Although this information may be subject to conditional disclosure, LVMPD Officers are

12 entitled to the protections described below.

13          1.      As used in this Protective Order, the term "Confidential Information" means any

14 documents, testimony, or other information that is produced from the date of this agreement

15 forward and has been designated as "CONFIDENTIAL".

16          2.      The term "disclosure" shall include the dissemination, communication,

17 publication and reproduction of any confidential material or the specific contents of the

18 information contained therein, or the communication of any estimate or other information which

19 facilitates the discovery of confidential information.  Should any pleadings with the Court

20 require reference or attachment of any confidential information, the attachment shall be filed

21 under seal pursuant to this Stipulation and Order, as further defined in Paragraph 11 below.

22

23

24

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1571453_1.doc  6943.76

1  3.     As used in this Protective Order, the term "qualified persons" means (i) counsel of
2  record for the parties to this litigation, including office associates, paralegals, and stenographic
3  and clerical employees to who disclosure is reasonably necessary; (ii) experts retained for the
4  purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and
5  signed a copy of this Stipulation; (iii) parties to this action; and (iv) court personnel, including
6  stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

7  4.     Confidential information shall be and remain confidential, and, except as allowed
8  by this Protective Order, may not be disclosed or communicated, nor used for any purpose other
9  than this litigation, including any appeals.

10  5.     Any and all documents containing confidential information must be retained by
11  counsel and not be disclosed or made available to any person other than a qualified person who
12  has read and acknowledged the terms of this Protective Order.  Similarly, the confidential
13  information contained within those documents may not be disclosed to any person other than a
14  qualified person.  To the extent reasonably necessary, copies of confidential documents may be
15  provided to experts retained for the purpose of this litigation to whom disclosure is reasonably
16  necessary and who have signed this Stipulation and Protective Order.  Nothing in this Protective
17  Order shall in any way affect the admissibility or use at trial of any of the documents produced
18  under this Protective Order.

19  6.     Any person who is in possession of confidential information, or to whom
20  confidential information is disclosed, is responsible for ensuring that such confidential
21  information is not inadvertently disclosed by him or her.  Failure to take all reasonable
22  precautions to ensure against such inadvertent disclosure will be viewed by the Court as willful
23  disobedience of this Protective Order, and will be punished accordingly.
24

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

1   7. Counsel receiving confidential information may not disclose that confidential
2 information to any expert without first furnishing to that expert a copy of this Stipulation and
3 Protective Order and obtaining a signed copy of this Stipulation and Protective Order from that
4 expert.

5   8. Any person who executed a copy of this Stipulation and Protective Order submits
6 to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior
7 to or following trial of this action. Jurisdiction of this action is to be retained by this Court after
8 final determination for purposes of enabling any party or person affected by this Protective Order
9 to apply to the Court for such direction or further decree as may be appropriate for the
10 construction or enforcement of this Protective Order, or for such additional relief as may become
11 appropriate.

12   9. If a party objects to the designation by LVMPD Officers of documents or items,
13 pleadings, or transcripts of testimony as "CONFIDENTIAL" the party shall give notice of the
14 same to Counsel for LVMPD Officers, in writing of the documents, pleadings, and/or testimony
15 at issue and the reason for the objection. LVMPD Officers shall thereafter have twenty (20)
16 business days within which to apply to the Court for appropriate protection of the documents,
17 pleadings, and/or testimony pursuant to the Federal Rules of Civil Procedure. If LVMPD
18 Officers do not make application within twenty (20) business days after receipt of the written
19 objection (or within the stipulated time period if stipulated to be longer or shorter than twenty
20 (20) days), then the documents, pleading, and/or testimony at issue shall no longer be deemed
21 "CONFIDENTIAL". However, until expiration of the twenty (20) day time period (or longer or
22 shorter if stipulated) or until the Court enters an order changing the designation, whichever is
23 later, the information shall continue to be given the "CONFIDENTIAL" treatment initially
24 assigned to it and provided for in this order.

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

10. If any individual makes copies of any confidential information allowed by this agreement, said individual must ensure that the copies are also marked "Confidential".

11. Any person who wishes to file with this Court any document, paper, or other tangible item disclosing confidential material may disclose only those confidential materials that are necessary to support the pleadings, motion or other paper to which the confidential document, paper, or other tangible item is attached and must do so under seal, permissible pursuant to this Stipulation and Order.

12. Nothing in this Protective Order precludes the deposition examination of any person regarding confidential information of which they have knowledge. In any such deposition, third-party may designate specific testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact prior to the conclusion of the deposition. The reporter shall mark the fact of the transcript "CONTAINS CONFIDENTIAL INFORMATION." All transcripts of said deposition containing confidential information will be treated in accordance with this Protective Order, wherein if any portion of the deposition transcript containing confidential material is to be filed with the Court, it should be filed with the Court under seal as described in paragraph 11.

13. Only qualified persons may attend deposition examinations in this case unless counsel for all parties agrees otherwise.

14. The parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court under seal.

15. If, during trial, any party intends to introduce into evidence any information designated as "CONFIDENTIAL", the party shall give timely notice of that intention to the Court and the opposing counsel, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information, without violating any statute or other rule of the Court.

16. Nothing in this Protective Order requires a party to disclose confidential information that the party also contends is protected from disclosure based upon a privilege (including but not limited to HIPAA rights of others) or for some reason other than the mere confidential or proprietary nature of the document or information (including but not limited to non-discoverable trade secrets).

17. Upon the final determination of this action, counsel and all qualified persons shall return any confidential information to counsel for LVMPD Officers that produced the information, upon their request, together with any copies of confidential information. Transcripts containing confidential information also must be returned to LVMPD Officers' counsel. All pleadings with confidential information attached or referenced may be maintained in the appropriate counsel's files, and the appropriate counsel may maintain or destroy all documents with work product thereupon, provided that such counsel and employees of such counsel, shall not disclose any such material contained in such documents to any person or entity. All notes or any other memorialization of the information contained in the confidential material produced that are in the possession of a party may be retained by that party's counsel, but shall be placed in a sealed envelope or other container on the face of which shall be typed or printed:

/ / /

/ / /

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
8345 West Sunset Road
Suite 250
Las Vegas, Nevada 89113

**CONFIDENTIAL**

**THE INFORMATION CONTAINED HEREIN IS CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA. ANYONE NOT PERMITTED TO REVIEW THIS INFORMATION AS SET FORTH IN THAT PROTECTIVE ORDER IS IN VIOLATION OF THAT ORDER, AND MAY HAVE SANCTIONS IMPOSED AGAINST HIM OR HER AS THE COURT MAY DETERMINE AND ALLOWABLE UNDER LAW AND MAY ALSO BE SUBJECT TO CONTEMPT OF COURT PROCEEDINGS.**

18. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

DATED this 19th day of February, 2015.

| KAEMPFER CROWELL | GALLIAN WELKER & BECKSTROM, L.C. |
|---|---|
| By: /s/ Lyssa S. Anderson<br>LYSSA S. ANDERSON<br>Nevada Bar No. 5781<br>8345 West Sunset Road, Suite 250<br>Las Vegas, Nevada 89113<br>**Attorneys for Defendants** | By: /s/ Travis Barrick<br>Travis Barrick, Esq.<br>Nevada Bar No. 9257<br>540 E. St. Louis Avenue<br>Las Vegas, NV 89104<br>**Attorney for Plaintiffs** |

**IT IS SO ORDERED.**

DATED this __20th__ day of __February__, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge