LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135
Telephone:  (702) 792-7000
Fax:            (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD R. HINTON, SR., an individual; DAVID HINTON, an individual,<br><br>Plaintiffs,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, an independent legal agency of Clark County and the City of Las Vegas; DOUGLAS C. GILLESPIE, in his official capacity as the Sheriff for Clark County; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFICER LUIS E. TURCAZ (#5467), in his official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER M. (#8572), in his/her official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER LISA M. POPE (#4000), in her official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER JON S. DAVID (#7594), in his official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER RODNEY E. MITCHELL (#6533), in his official and personal capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER EDDIE CARROLL (#4050) in | Case No.: 2:14-cv-00842-RFB-GWF<br><br>**STIPULATION TO EXTEND DISCOVERY**<br><br>(First Request) |

his/her official and personal capacity; and
DOES 1 through 30,

      Defendants.

  IT IS HEREBY STIPULATED AND AGREED between the parties that the discovery cut-off date of September 28, 2015, be continued for a period of thirty (30) days up to and including October 29, 2015, for the purpose of allowing the parties to complete written discovery in this matter; disclose expert witnesses; and take several depositions of the parties and witnesses.

## DISCOVERY COMPLETED TO DATE

  Defendants, LAS VEGAS METROPOLITAN POLICE DEPARMENT, OFFICER LUIS E. TURCAZ, OFFICER PHILLIP MORTIMER, LISA M. POPE, OFFICER JON S. DAVID, OFFICER RODNEY E. MITCHELL and OFFICER EDDIE CARROLL, ("LVMPD Defendants") have produced their initial Rule 26(f) Disclosures to DONALD R. HINTON, SR. and DAVID HINTON ("Plaintiffs"). Likewise, Plaintiffs have provided their Disclosures to LVMPD Defendants. LVMPD Defendants have also produced their First and Second Supplemental Disclosures to Plaintiffs as well.

  Plaintiffs have served written discovery and supplemental written discovery on LVMPD Defendants, which responses have been made. LVMPD Defendants, and each of them, have served their initial written discovery on Plaintiffs which responses are currently due August 24, 2015.

## DISCOVERY YET TO BE COMPLETED

  Supplemental written discovery may be served by the parties. The parties will conduct depositions, including but not limited to the depositions of Plaintiffs, the individual Defendants, Rule 30(b)(6) witnesses, expert witnesses and rebuttal expert witnesses.

The parties will be disclosing expert witness and rebuttal expert witness reports.

**REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

As shown above, the parties have been diligent in conducting discovery in this matter. The current deadline to disclose expert witnesses pursuant to the Scheduling Order in place, [Docket No. 47], is July 30, 2015. LVMPD Defendants were notified by their retained expert on the morning of July 29, 2015 that he had to leave unexpectedly as his five (5) year old grandson is scheduled to have surgery. Due to the family emergency, LVMPD Defendants' expert is unable to have his report completed and ready to submit by the July 30, 2015 deadline. As such, the parties jointly request this brief extension to allow additional time for LVMPD Defendants' expert to complete his report and allow additional time for the corresponding discovery deadlines.

Lastly, the parties recognize that they are requesting an additional extension of the discovery deadlines, (specifically, the expert disclosure deadline), after the twenty-one (21) day deadline as set forth in LR 26-4. As such, the parties submit that excusable neglect exists to permit granting the instant requested extension. In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 S. Ct. 1489, 123 L.Ed.2d 74 (1993). The reason for the delay as set out above is an unexpected family matter on the part of LVMPD Defendants' expert. LVMPD Defendants and their expert did not know twenty-one (21) days ago that an extension to complete the expert report would be necessary. The parties have been diligent in their discovery efforts however; they require a brief extension to allow LVMPD Defendants' expert additional time to complete his report.

## PROPOSED EXTENDED DEADLINES

Accordingly, it is hereby stipulated and respectfully requested that this Court enter an order as follows:

**(A)  Discovery Deadline.**

That the current discovery cut-off date of September 28, 2015, be extended for a period of thirty (30) days, up to and including October 29, 2015.

**(B)  Experts and Rebuttal Experts.**

The parties, and each of them, shall disclose their experts to each other at least sixty (60) days before the discovery cut-off date, or by August 28, 2015. The parties, and each of them, shall disclose rebuttal experts at least thirty (30) days after the initial date for disclosure of experts, or by September 28, 2015.

**(C)  Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than thirty (30) days after the close of discovery, which is by November 30, 2015.

**(D)  Motions in Limine/Daubert Motions.**

Under LR 16-3(b), any motions in limine, including Daubert type motions, shall be filed and served thirty (30) days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will be allowed only with leave of the Court.

**(E)  Pretrial Order.**

Pursuant to LR 26(1)(e)(5) the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, which shall be by December 30, 2015, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial

Order shall be suspended until thirty (30) days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F)  Interim Status Report.**

In accordance with LR 26-3, not later than sixty (60) days before the discovery cut-off, the parties shall submit an interim status report stating the time they estimate will be required for trial giving three (3) alternative available trial dates, and stating whether in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions. The status report shall be signed by counsel for each party or the party, if appearing in *pro se*. The parties shall file the interim status report by August 28, 2015.

**(G)  Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a)  A statement specifying the discovery completed;

(b)  A specific description of the discovery that remains to be completed;

(c)  The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)  A proposed scheduled for completing all discovery.

This extension request is made in good faith, jointly by the parties, to allow them to complete discovery necessary to the claims and defenses in this matter. This request is timely pursuant to LR 26-4. Trial in this matter has not yet been set and dispositive motions have not yet been filed. As such, this extension will not delay this case. Moreover, since this request is a joint request, neither party will be prejudiced. In fact, the extension will benefit the parties in allowing them to properly litigate their case.

DATED this 29th day of July, 2015.

| KAEMPFER CROWELL | GALLIAN WELKER & BECKSTROM, L.C. |
|---|---|
| By: /s/ Lyssa S. Anderson<br>LYSSA S. ANDERSON<br>Nevada Bar No. 5781<br>1980 Festival Plaza Drive, #650<br>Las Vegas, Nevada 89135<br>**Attorneys for Defendants** | By: /s/ Travis Barrick<br>Travis Barrick, Esq.<br>Nevada Bar No. 9257<br>540 E. St. Louis Avenue<br>Las Vegas, NV 89104<br>**Attorney for Plaintiffs** |

**IT IS SO ORDERED.**

DATED this  30th  day of July, 2015.

_/s/ George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge